UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

SERLANDING CROWLEY, JR.,

    Plaintiff,

v.

UNKNOWN ALLEN,

    Defendant.

_____/

Case No. 2:25-cv-168

Hon. Hala Y. Jarbou

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. In an order (ECF No. 4) entered on July 25, 2025, the Court directed Plaintiff to file an amended complaint. The Court received Plaintiff's amended complaint (ECF No. 5) on August 11, 2025.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* amended complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's amended complaint for failure to state a claim.

## Discussion

### I.  Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan, which is where the events of which he complains occurred. Plaintiff sues MBP Lieutenant Unknown Allen. (Am. Compl., ECF No. 5, PageID.22.)

Plaintiff's amended complaint is scant. He asserts that Defendant Allen opened legal mail outside of Plaintiff's presence. (*Id.*, PageID.23.) Plaintiff avers that non-party Officer Natchman brought Plaintiff his mail "with tape on the back an[d] stapled shut." (*Id.*) He claims further that non-party Officer Baldini brought mail that had already been opened. (*Id.*)

Plaintiff indicates that the reason he "put numerous officials [is] because [they are] all aware of [Plaintiff's] legal mail being opened an[d] they've all played a hand [in] retaliation." (*Id.*) Plaintiff claims that even though he has named Allen as the sole Defendant, he "still want[s] the other Defendants on there as well." (*Id.*)

Based on the foregoing, the Court construes Plaintiff's complaint to assert First Amendment retaliation claims, as well as constitutional claims related to the processing of his legal mail. Plaintiff asks to be transferred from MBP and for Defendant Allen to go to jail because "opening legal mail is a federal offense." (*Id.*, PageID.24.) Plaintiff also seeks $250,000.00 in damages. (*Id.*)

### II.  Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels

and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

     A.    **Claims Against Non-Parties**

When Plaintiff initiated this action, his original complaint not only named Allen as a Defendant, but also named Warden Sarah Schroeder, Assistant Deputy Warden Unknown Hoult, Prison Counselor Unknown Kessler, Sergeants Unknown Perry, Unknown Natchman, and

Unknown Vrable, and Officers Unknown Leach and Unknown Sebly. (Compl., ECF No. 1.) In the order directing Plaintiff to file an amended complaint, the Court explicitly noted that the amended complaint "w[ould] take the place of the original complaint, so it must include all of the Defendants that Plaintiff intends to sue and all of the claims that Plaintiff intends to raise." (ECF No. 4, PageID.19–20.) Despite that directive, Plaintiff has named Allen as the sole Defendant in his amended complaint, but suggests that he "still wants the other Defendants on there as well." (Am. Compl., ECF No. 5, PageID.23.)

Plaintiff cannot have it both ways. Federal Rule of Civil Procedure 10(a) requires that a plaintiff "name all of the parties" in "[t]he title of the complaint." Fed. R. Civ. P. 10(a). Further, this Court has previously concluded that "[o]nly those individuals and entities identified in the caption of the complaint are properly considered defendants in an action, regardless of the complaint's other contents or allegations." *Jones v. Smith*, No. 1:10-cv-568, 2012 WL 726665, at *1 (W.D. Mich. Feb. 1, 2012), *R & R adopted*, 2012 WL 726621 (W.D. Mich. Mar. 6, 2012); *see also Brown v. Mich. Dep't of Corr.*, No. 1:22-cv-16, 2022 WL 2900888, at *1 n.2 (W.D. Mich. Jul. 22, 2022) (concluding that corrections officers identified as defendants in a particular count of the complaint, but not named in the caption or in the form complaint "list of parties" were not parties to the action). Accordingly, any intended claims against any non-party individuals, including Natchman and Baldini, who are named in the body of the amended complaint will be dismissed for failure to state a claim upon which relief may be granted.

### B.     First Amendment Retaliation

The Court has construed Plaintiff's complaint to assert a First Amendment retaliation claim against Defendant Allen given Plaintiff's suggestion that Allen and other officials "all played a hand [in] retaliation against" him. (Am. Compl., ECF No. 5, PageID.23.)

4

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.*

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (N.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). However, "alleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Skinner v. Bolden*, 89 F. App'x 579, 579-80 (6th Cir. 2004) (without more, conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive).

Here, Plaintiff merely alleges the ultimate fact of retaliation with respect to Defendant Allen. Plaintiff has not set forth any allegations from which the Court could infer that Defendant Allen opened Plaintiff's legal mail outside of Plaintiff's presence because Plaintiff had been engaged in any protected conduct. While the Court accepts as true the fact that opening Plaintiff's legal mail outside of his presence was perhaps unfavorable to Plaintiff, the Court simply cannot infer anything about Defendant Allen's motivation and reasoning from Plaintiff's vague and

5

conclusory allegations. Plaintiff instead appears to ask this Court to fabricate plausibility to his claim against Defendant Allen from mere ambiguity; however, ambiguity does not support a claim. It is Plaintiff's obligation at this stage in the proceedings to plead enough factual content to permit the Court to draw a reasonable inference that Defendant Allen acted with retaliatory intent. *See Iqbal*, 556 U.S. at 679. Because Plaintiff has not met that initial burden, the Court will dismiss his First Amendment retaliation claim against Defendant Allen.

      C.      **Claims Regarding Handling of Legal Mail**

In *Sallier v. Brooks*, 343 F.3d 868, 873–74 (6th Cir. 2003), the United States Court of Appeals for the Sixth Circuit considered multiple potential sources of protection for legal mail, including the Sixth Amendment right to counsel, the First Amendment right to petition for redress of grievances, the First Amendment right of access to the courts, and the prisoner's general interest in protecting the attorney-client privilege. Simply calling a particular correspondence "legal mail," however, does not implicate each and every one of those protections. For example, the Sixth Amendment right to counsel applies only to criminal prosecutions. *Wolff v. McDonnell*, 418 U.S. 539, 576–77 (1974) ("As to the Sixth Amendment, its reach is only to protect the attorney-client relations in the criminal setting . . . ."); *see also Stanley v. Vining*, 602 F.3d 767, 770 (6th Cir. 2010). Here, Plaintiff has alleged no facts supporting the inference that the mail in question was from an attorney related to any criminal proceeding. Likewise, Plaintiff has not alleged any facts suggesting that the mail in question bore any relationship to Plaintiff's direct appeal of his criminal convictions, a habeas corpus application, or a civil rights claim, as Plaintiff must allege in order to support a First Amendment access to the courts claim. *See Lewis v. Casey*, 518 U.S. 343, 355 (1996).

Further, the ability of a prisoner "to receive materials of a legal nature" related to his legal rights and concerns itself implicates a fundamental right. *Kensu v. Haigh*, 87 F.3d 172, 174 (6th

Cir. 1996). Courts have, therefore, extended protections to prisoners' legal mail that do not exist for general mail. However, not all mail constitutes "legal mail," and "the question of what constitutes 'legal mail' is a question of law." *Sallier*, 343 F.3d at 871. The Michigan Administrative Code defines "legal mail" as correspondence with courts, attorneys, public officials, the office of the legislative corrections ombudsman, MDOC's central office staff, and staff of the institution in which the prisoner is incarcerated. *See* Mich. Admin. Code R. 791.6603(7) (Nov. 15, 2008). Moreover, "the determination of whether mail is considered legal mail depends not only on the nature of the sender, but on the appearance of the mail [as well as] the nature of the contents." *Longmire v. Mich. Dep't of Corr.*, 454 F. Supp. 3d 702, 708 (W.D. Mich. 2020) *aff'd* No. 20-1389, 2021 WL 5352809, at *2 (6th Cir. Jun. 9, 2021) (noting that "the mail must be 'properly and clearly marked as legal materials.' . . . . [W]hile the envelope states that it is confidential, it was not, as the district court held, 'clearly marked as legal mail,' nor did it have the Commission's name on it or other salient information, such as 'the name and bar number of a licensed attorney'").

Plaintiff's allegations fall far short in both respects. Simply referencing "legal mail" is insufficient to invoke these protections. Plaintiff's complaint is wholly devoid of facts from which the Court could infer that the mail in question that was opened by Defendant Allen was incoming legal mail. In any event, "isolated instances of interference with prisoners' mail" may not rise to the level of a constitutional violation under the First Amendment. *See Johnson v. Wilkinson*, No.-98-3866, 2000 WL 1175519 (6th Cir. Aug. 11, 2000) ("This random and isolated interference with Johnson's mail did not violate his constitutional rights." (citation omitted)); *see also Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997) (holding that an "isolated incident, without any evidence of improper motive resulting interference with [the inmate's] right to counsel or to access

to the courts, does not give rise to a constitutional violation" (citations omitted)); *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003) (stating that "Okoro was only able to provide one specific incident where he allegedly did not receive the full contents of a letter from his wife," and concluding that "[s]uch a random and isolated incident is insufficient to establish a constitutional violation" (citation omitted)); *cf. Colvin v. Caruso*, 605 F.3d 282, 293 (6th Cir. 2010) (citing *Johnson* for the holding that "isolated interference" with prisoners' rights may not rise to the level of a First Amendment violation). Indeed, two years ago, the Sixth Circuit relied upon *Colvin* to confirm that a single isolated event of tampering with legal mail "does not rise to the level of a constitutional violation." *See Smith v. Goostrey*, No. 23-1025, 2023 WL 5024659, at *3 (6th Cir. Aug. 4, 2023). Here, the facts as set forth by Plaintiff in his amended complaint suggest that Defendant Allen only personally opened Plaintiff's legal mail on a single occasion.

Accordingly, for the foregoing reasons, Plaintiff's constitutional claims regarding the handling of his incoming legal mail will be dismissed.

## **Conclusion**

Having conducted the review required by the PLRA, the Court determines that Plaintiff's amended complaint will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge*

*v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

    A judgment consistent with this opinion will be entered.

Dated: August 19, 2025             /s/ Hala Y. Jarbou
                                                HALA Y. JARBOU
                                                CHIEF UNITED STATES DISTRICT JUDGE